**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| LEONEL GUERRERO | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 03-10038-02-WEB |
| | ) | 04-3368-WEB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

MEMORANDUM AND ORDER

Now before the Court is the motion of petitioner Leonel Guerrero, to vacate, set aside or correct

his sentence under the provisions of 28 U.S.C. § 2255.  A review of the record reflects that Petitioner

pleaded guilty on June 2, 2003.  (Doc. 108).  Petitioner broke the terms of the plea agreement by failing

to testify against a co-defendant and the Government withdrew the plea agreement. (Doc. 137).  Petitioner

pleaded guilty again on September 15, 2003 to two counts of interstate travel in aid of a racketeering

enterprise in violation of 18 U.S.C. § 1952(a)(3) and judgment was entered for Petitioner to serve 120

months in prison on October 1, 2003.  (Doc. 136, 139, 146).

On October 9, 2004, Petitioner timely filed this action under 28 U.S.C. § 2255.  Petitioner alleges

the following issues: 1) that his guilty plea and waiver of appellate rights was neither done knowingly nor

voluntarily; 2) that his counsel was ineffective; and 3) that his sentence needs to be vacated in light of

*Apprendi*, *Blakely*, and *Booker*.  *Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v.*

*Booker*, 543 U.S. _, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005); *Apprendi v. New Jersey*, 530 U.S. 466

(2000).  The Government responds by stating that Defendant waived his right to appeal in the plea

agreement.

## I.  Plea Agreement

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the

waiver is expressly stated in the plea agreement..." *United States v. Cockerham*, 237 F.3d 1179, 1183

(10th Cir. 2001).  Section nine on pages four and five of the plea agreement has the title - Waiver of

Appeal and Collateral Attack.  It states:

> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter
> in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18,
> U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By
> entering into this agreement, the defendant knowingly waives any right to appeal a sentence
> imposed which is within the guideline range determined appropriate by the court.  The defendant
> also waives any right to challenge a sentence or manner in which it was determined in any collateral
> attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as
> limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)].  In other words
> the defendant waives the right to appeal the sentence imposed in this case except to the extent, if
> any, the court departs upwards from the applicable sentencing guideline range determined by the
> court.  However if the United States exercises its right to appeal the sentence imposed as
> authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may
> appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

(Doc. 139).

## II.  Standard

The Tenth Circuit has created a 3-prong standard to resolve appeals brought by defendants who

have waived their appellate rights in the plea agreement.  *United States v. Hahn*, 359 F.3d 1315, 1325

(10th Cir. 2004).  To hear such an appeal on the merits the Court must determine: "(1) whether the

disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice as we define herein". *Id.*

a.  Scope

The Court "will construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights." *Id.* quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). Petitioner's plea agreement specifically includes a statement waiving the right to attack the sentence through collateral review on a § 2255 motion except to the extent that the court departs upwards from the applicable sentencing guideline range determined by the court. (Doc. 139).

This Court determined the total offense level was 35 and the criminal history category was I which has a guideline range of 168-210 months. See U.S.S.G. § 5A (Nov. 2002). Petitioner received a sentence of 120 months, which was the statutory maximum. See U.S.S.G. § 5G1.1(a); U.S.S.G. § 5G1.2(d). The Court did not depart upwards from the applicable sentencing guideline range.

b.  Knowing and Voluntariness of Petitioner's Waiver

This Court will only enforce plea agreements that defendants enter into knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001). Petitioner bears the burden to show that he did not make the plea agreement knowingly and voluntarily. *Hahn*, 359 F.3d at 1328; *United States v. Edgar,* 348 F.3d 867, 872-873 (10th Cir. 2003) (petitioner "has the burden to present evidence from the record establishing that he did not understand the waiver.").

-3-

Petitioner argues that he did not enter his guilty plea knowingly or voluntarily because he did not understand: 1) the nature of the charges; 2) the essential elements; 3) the consequences; and 4) the Government's burden of proof.

Petitioner's claims contradict his sworn testimony at the change of plea hearing and in the signed plea agreement. The Court asked Petitioner the following: 1) to make his statements under oath; 2) if he fully understood the charges against him in the superseding information; 3) if he had the information read to him; 4) if he discussed it with his lawyer; 5) if he understood the Government would have to prove beyond a reasonable doubt the two counts in the information; 6) that by pleading guilty he is admitting that the facts described in the counts are true; and 7) if he agreed to the facts that supported the charges as read by the Government. (Change of Plea Hearing at 7-28); (Doc. 139, 140). Petitioner answered these questions in the affirmative. Petitioner also testified under oath during the Court's Rule 11 colloquy that he understood he was waiving the right to trial, call witnesses, the right to appeal and other constitutional protections by pleading guilty and that he was doing so freely and voluntarily. (Change of Plea Hearing at 7-28).

Petitioner cannot now credibly argue the opposite of what he swore to in his earlier statements and testimony before the Court. *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988) (A defendant's statements at a plea hearing should be regarded as conclusive as to the truth and accuracy in the absence of a believable valid reason justifying departure from the apparent truth of those statements). Petitioner has not met his burden to show that he did not enter the plea agreement knowingly or voluntarily.

c.  Miscarriage of Justice

An enforcement of an appellate waiver does not result in a miscarriage of justice unless one of four situations is present: "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327.  The fourth factor is satisfied when the waiver contains an error that "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.; see United States v. Olano*, 507 U.S. 725, 732 (1993).  The petitioner has the burden to show that enforcement of the waiver in the plea agreement would result in a miscarriage of justice. *United States v. Anderson,* 374 F.3d 955, 959 (10th Cir. 2004).

Petitioner claims a miscarriage of justice because his counsel was ineffective in negotiating the plea agreement.  Petitioner claims that: 1) Counsel told him he would get life in prison if he went to trial; 2) Counsel failed to explain the Sentencing Guidelines; 3) Counsel misstated the evidence and law by telling Petitioner that he would be responsible for 5 kilograms of methamphetamine if he went to trial; 4) Counsel failed to explain the nature of the charges; 5) Counsel failed to recognize that Petitioner might have been eligible for decreases in his sentence; and 6) Counsel failed to file an appeal despite being directed to.

The constitutional right to effective assistance of counsel is defined in *Strickland v. Washington,* 466 U.S. 668, 80 L. Ed. 2d 674, 104, S. Ct. 2052 (1984).  To show that he is entitled to relief, Petitioner must first show that his counsel's representation was deficient as measured against an objective standard of reasonableness and also that there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.  *Id.* at 687, 688 694.

(i).  Petitioner claims ineffective assistance of counsel because counsel erred by informing Petitioner that he would probably get a life sentence if he were convicted at trial.  Petitioner states that had he known that the Court was bound by the Sentencing Guidelines and that his sentence would probably not have been the statutory maximum of life imprisonment, he would have gone to trial.

The statutory maximum for the charges in the second superseding indictment is life imprisonment, so counsel's statement was not entirely incorrect.  Counsel's sentence estimate did not take into account the Sentencing Guidelines; however, this is not a per se violation of effective assistance. *Estrada*, 849 F.2d at 1307 (not ineffective assistance when counsel told defendant he would not get much of a sentence and he received 12 years in prison); *United States v. Cruce*, 1997 U.S. Dist. LEXIS 13539, No. 97-3167 (D. Kan. Aug. 14, 1997) (counsel not ineffective for predicting sentence of 36-47 months when defendant actually sentenced to 168).  The actual guideline range for the counts in the second superseding indictment was 168-210 months.  While this is much less than life imprisonment, this erroneous sentencing prediction does not fall beneath the objective standards for effective assistance of counsel.

Even if it did meet the first prong of *Strickland*, Petitioner fails to show that the result would have been any different.  Petitioner fails to argue why he would have preferred going to trial and potentially falling under the Guideline range of 168-210 months as opposed to his current sentence under the plea of 120 months.  Therefore, Petitioner has not shown his counsel was ineffective under the second prong of *Strickland*. *Strickland,* 466 U.S. at 694.

(ii).  Petitioner next argues that counsel failed to explain the Sentencing Guidelines.  Petitioner's claims are

not credible because the evidence shows that counsel did inform Petitioner about the Guidelines.  On page

three of the Petition to enter a plea of guilty, the Sentencing Guidelines and procedure are described in

detail.  (Doc. 141).  Additionally on page five of that same document, Petitioner stated he read, understood

and discussed with his attorney every part of the petition to plea guilty, including the lengthy paragraph

about the Sentencing Guidelines.  (Id.).  This document was signed and swore to Petitioner in court.  (Id.);

*Estrada*, 849 F.2d at 1306 (A defendant's statements at a plea hearing should be regarded as conclusive

as to the truth and accuracy in the absence of a believable valid reason justifying departure from the

apparent truth of those statements).

Moreover, Petitioner cannot satisfy the second prong of *Strickland*, as he has not shown that the

proceedings would have been any different had counsel informed Petitioner of the Guidelines.  *Strickland,*

466 U.S. at 694.   The evidence shows that Petitioner did know about the Guidelines and entered into the

plea agreement anyway.   The Court conducted a Rule 11 plea colloquy and asked the Defendant if he

understood the Sentencing Guidelines and how the Court will find facts and the guideline range.  (Change

of Plea Hearing, 19-21).  Defendant responded that he did understand.  (Id.).  "This [Rule 11] colloquy

between a judge and a defendant before accepting a guilty plea is not pro forma and without legal

significance.  Rather it is an important safeguard that protects defendants from incompetent counsel or

misunderstandings." *Fields v. Gibson,* 277 F.3d 1203, 1215 (10th Cir. 2002).  Petitioner pleaded guilty

with knowledge of the Guidelines, therefore, he cannot credibly argue that he would have gone to trial had

his counsel also explained the Guidelines.

(iii).  Petitioner next argues that his counsel was ineffective for stating that Petitioner would be responsible

for 5 kilograms of methamphetamine if he went to trial.  See 21 U.S.C. § 841(a)(1). Petitioner claims this

was constitutionally deficient advice because there was no evidentiary support for this quantity of drugs.

Again the facts do not support Petitioner's argument.  Petitioner admitted under oath during the

Rule 11 plea colloquy to being arrested at a house where five pounds of methamphetamine was seized.

*Estrada*, 849 F.2d at 1306 (10th Cir. 1988).  Petitioner also admitted to facts showing he was involved

in interstate commerce in support of the distribution of over 50 grams of methamphetamine.  Additionally,

the pre-sentence report shows that over 4 kilograms of methamphetamine was found in the same house

as Petitioner during the execution of a search warrant and over a 1 kilogram was found in a car located

outside the same house.  Petitioner did not object to the pre-sentence report.  The Court cannot find any

support for Petitioner's claim that counsel's advice regarding drug quantity falls beneath objectively

reasonable standards.

(iv).  Petitioner also claims that counsel failed to explain the nature of the charges.  The signed petition to

plea guilty and the Rule 11 plea colloquy support a different conclusion.  (Doc. 141); (Change of plea

hearing at 13).  Petitioner responded affirmatively when asked by the Court if his lawyer counseled and

advised him on each charge, any lesser charges and all possible defenses in Petitioner's case.  (Id.).

Additionally, Petitioner responded affirmatively when asked if he was satisfied with his counsel's

performance and if counsel did a good job.  (Id. at 24).  The Court finds persuasive Petitioner's sworn

statements to the Court regarding counsel's advice and recommendation about the charges. *Estrada*, 849

F.2d 1306 (10th Cir. 1988).

(v).  Petitioner argues in his Traverse that his counsel was ineffective because he failed to obtain decreases in the offense level based on Defendant's minor role under U.S.S.G. § 2D1.1(a)(3) and § 3B1.2 as well as the safety valve provision in § 5C1.2.  This claim is clearly not related to the negotiation of the waiver but rather to alleged errors at sentencing; therefore, it is an issue that falls within the scope of the waiver and cannot be raised.  See *Cockerham,* 237 F.3d at 1190-1191 (Ineffective assistance of counsel claims that do not directly challenge the validity of the plea and waiver are waived); see also *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (The Court will hold a defendant to the terms of a lawful plea agreement).

Out of an abundance of caution the Court now briefly addresses Petitioner's claims and finds them meritless.  Petitioner does not qualify for the safety valve provision in § 5C1.2 because he was found to have possessed a firearm in connection with the offense.[1]  § 5C1.2(a)(2).  Petitioner does not qualify for the minor participant reduction because he was convicted of a less serious offense than warranted by his actual criminal conduct.  See § 3B1.2, application n.3(B).  Petitioner faced a statutory maximum of life imprisonment under all of the counts in the second superseding indictment and the statutory maximum for the counts to which he pleaded guilty was 10 years.

Therefore, counsel's failure to raise these sentencing issues does not fall below objectively reasonable standards.  Nor can Petitioner's claim satisfy the second prong of *Strickland* because even if Counsel had raised these claims, the facts show, as discussed above, that Petitioner did not qualify for the sentencing reductions, so the sentence would have been no different.

---

[1] When police arrested Petitioner, they also found a loaded .44 caliber pistol along with over five kilograms of methamphetamine.

(vi).  Finally, Petitioner argues that his counsel was unconstitutionally deficient for failing to file an appeal despite requests by Petitioner.  Like the issue above, this argument does not relate to the negotiation of the plea agreement or the waiver of appellate rights; therefore, it falls within the scope of the waiver.

Out of an abundance of caution, the Court will address this claim.  Petitioner does not provide any details regarding the issues he asked his counsel to appeal.  This is problematic for Petitioner's claim as the manner to determine ineffective assistance of counsel for failing to raise an issue on appeal is to "examine the merits of the omitted issue."  *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995).  If the omitted issue is meritless, counsel's failure to appeal is not a constitutional violation.  *Id.*  Because he has not stated what issues his counsel failed to appeal, the Court is unable to determine the merits.  See *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (It is not the proper function of the district court to assume the role of advocate for the pro se litigant). Petitioner's claim fails because he has not provided facts to "overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance".  *Strickland,* 466 U.S. at 689.

Under *Hahn,* the other three factors that constitute a miscarriage of justice do not provide any grounds for relief either.  *Hahn*, 359 F.3d at 1325.  There is no evidence to show that this Court relied on any impermissible factor such as race.  Petitioner makes conclusory assertions that his sentence exceeds the statutory maximum and that enforcement of his waiver will result in a miscarriage of justice; however, he provides neither an argument nor facts to support these conclusions.  Therefore, the Court holds that the waiver is valid and enforceable.

Petitioner also claims that *Booker, Blakely* and *Apprendi* render his sentence unconstitutional.

*Blakely v. Washington*, 124 S. Ct. 2531 (2004); *United States v. Booker,* 543 U.S. _, 160 L. Ed. 2d

621, 125 S. Ct. 738 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner cannot raise

these claims because they fall within the scope of the appellate waiver; however, out of an abundance of

caution the Court will briefly address these issues.

### III.  *Blakely* and *Booker*

Even assuming *arguendo* that the waiver is invalid, Petitioner's claim that his sentence is

unconstitutional is meritless. Petitioner argues that the Court violated his rights under *Booker* and *Blakely*

because his sentence was increased by facts not admitted or found by a jury. Even if Petitioner had not

waived his right to appeal, his claim would fail because neither Booker nor *Blakely* is available on collateral

appeal. *United States v. Price,* 400 F.3d 844, 849 (10th Cir. 2005) (*Blakely* not retroactively applicable

to initial 2255 motions); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (U.S. Supreme

Court has made *Booker* applicable only to cases on direct review). Petitioner did not make a direct appeal

and his case was final prior to the Supreme Court's decisions in *Booker* and *Blakely*; therefore, these cases

have no bearing on Petitioner's sentence.

### IV.  *Apprendi*

In *Apprendi* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that

increases the penalty for a crime beyond the prescribed statuory maximum must be submitted to a jury, and

proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Petitioner was charged with and

admitted to violating two counts of 18 U.S.C. § 1952(a)(3). See also 21 U.S.C. § 841(a)(1); (Change of

plea hearing at 9-13).  Each count carries a statutory maximum of five years in prison and Petitioner was sentenced to serve both five year sentences consecutively.  U.S.S.G. § 5G1.2(d).  Unlike *Apprendi* however, Petitioner was not sentenced in excess of the statutory maximum.  The Court adhered to *Apprendi* by sentencing Petitioner to the statutory maximum despite an applicable guideline range that exceeded 10 years.  See U.S.S.G.  § 5G1.1 (when the statutory maximum sentence is less than the minimum applicable guideline range, the statutory maximum shall be the sentence).  Petitioner's claim is without merit.

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's motion for relief under the provisions of 28 U.S.C. Section 2255 (Doc. 181) be DISMISSED, and

IT IS FURTHER ORDERED that a Certificate of Appealability under the provisions of 28 U.S.C. Section 2253 should be and hereby is DENIED.

SO ORDERED this 31st  day of May, 2005.

 s/ Wesley E. Brown                                   

Wesley E. Brown, Senior U.S. District Judge